FILED
NOV 29 2007
NOV 29 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE AUTOMOBILE MECHANICS' INDUSTRY WELFRE AND PENSION FUNDS LOCAL 701<br>Plaintiffs, | )<br>)<br>) |
| v.<br>RENDEL'S , INC.,<br>an Illinois Corporation<br>Defendant. | 07CV 6698<br>JUDGE ANDERSEN<br>MAGISTRATE JUDGE SCHENKIER |

## COMPLAINT

Plaintiffs, **TRUSTEES OF THE AUTOMOBILE MECHANICS LOCAL NO. 701 WELFARE AND PENSION FUNDS**, by their attorneys, **PAUL M. EGAN** and **ARNOLD AND KADJAN**, complain against Defendant, **RENDEL'S, INC., an Illinois corporation**:

### COUNT I

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

   (b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are THE AUTOMOBILE MECHANICS LOCAL 701, WELFARE AND PENSION FUNDS the ("Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

   (b) The Funds have been established pursuant to collective bargaining agreements previously entered into between **RENDEL'S INC.**, and Automobile Mechanics

Local 701 and its affiliated local the ("Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which established the Funds.

4. Defendant, **RENDEL'S, INC. ("RENDEL'S")**, an Illinois corporation is an employer engaged in an industry affecting commerce with offices located within this Court's jurisdiction.

5. As of February 27, 2006, **RENDEL'S** has entered into a collective bargaining agreement with the Union pursuant to which it is required to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A").

6. By virtue of certain provisions contained in the collective bargaining agreements, **RENDEL'S** is bound by the Trust Agreement establishing the Funds.

7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **RENDEL'S** is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8. Since February 27, 2006 through to the present, **RENDEL'S** has admitted, acknowledged and ratified the collective bargaining agreements entered into with the Union by filing periodic report forms with the Funds by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements.

9. An audit was performed for the period of March 1, 2006 through January 31, 2007, which showed delinquent contributions totaling $2,805.00.

WHEREFORE, Plaintiffs pray for relief as follows:

A. Judgment be entered against **RENDEL'S** and in favor of Plaintiffs, the Automobile Mechanics Local No. 701 Welfare and Pension Funds, in the amount of $2,805.00 plus costs and attorneys fees pursuant to 29 U.S.C. 1132(g)(2).

B. This Court enjoin **RENDEL'S** from violating the terms of the collective bargaining agreement and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

C. This court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

   (b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are THE AUTOMOBILE MECHANICS LOCAL 701, WELFARE AND PENSION FUNDS the ("Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

   (b) The Funds have been established pursuant to collective bargaining agreements previously entered into between **RENDEL'S INC.**, and Automobile Mechanics Local 701 and its affiliated local the ("Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which established the Funds.

4. Defendant, **RENDEL'S, INC. ("RENDEL'S")**, an Illinois corporation is an employer engaged in an industry affecting commerce with offices located within this Court's jurisdiction.

5. As of February 27, 2006, **RENDEL'S** has entered into a collective bargaining agreement with the Union pursuant to which it is required to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A").

6. By virtue of certain provisions contained in the collective bargaining agreements, **RENDEL'S** is bound by the Trust Agreement establishing the Funds.

7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **RENDEL'S** is required to make contributions to the Funds on behalf of their employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8. Since February 27, 2006 through to the present, **RENDEL'S** has admitted, acknowledged and ratified the collective bargaining agreements entered into with the Union by filing periodic report forms with the Funds by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements.

9. By virtue of the foregoing, Plaintiffs have been damaged in an amount not presently ascertainable as to any amounts due and owing after January 31, 2007.

WHEREFORE, Plaintiffs pray for relief as follows:

A.  **RENDEL'S** be ordered to permit an audit of all their books and records to determine whether or not they have complied with the applicable contribution requirements for the period from February 1, 2007 through present.

B.  Judgment be entered against **RENDEL'S** and in favor of Plaintiffs, the Automobile Mechanics Local No. 701 Welfare and Pension Funds.

C.  This Court enjoin **RENDEL'S** from violating the terms of the collective bargaining agreement and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

D.  This court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

THE AUTOMOBILE MECHANICS LOCAL
NO. 701 WELFARE AND PENSION FUNDS

By:_____
One of their Attorneys

Paul M. Egan
**ARNOLD AND KADJAN**
19 West Jackson Blvd.
Chicago, IL 60604
(312) 236-0415

**EXHIBIT A**

Case 1:07-cv-06698    Document 1    Filed 11/29/2007    Page 6 of 7

# AUTOMOBILE MECHANICS' LOCAL 701 UNION AND INDUSTRY WELFARE FUND
## PARTICIPATION AGREEMENT

This Agreement shall be entered into by and between **Rendel's Collision Specialists :**

(hereinafter referred to as the "Employer") and the **Automobile Mechanics' Local No. 701 Union and Industry Welfare Fund**, who intend to enter into a written agreement required by Section 302(c) of the LABOR-MANAGEMENT RELATIONS ACT OF 1947, as amended, to permit the Fund to receive contributions on behalf of eligible employees of said Employer.

1. The Employer agrees to make contributions on behalf of eligible employees in an amount as required by, and defined in, the Collective Bargaining Agreement.
2. Eligible employees in the case of bargaining unit employees shall be defined in the same manner as those employees eligible under the Rules of the Plan as interpreted by the Board and/or the Collective Bargaining Agreement.
3. This Agreement shall remain in full force and effect for the term of the current Collective Bargaining Agreement between the Employer or area wide Employers and the Union and shall be automatically renewed from time to time for terms coterminous with those of the aforementioned Collective Bargaining Agreements. The rate at which contributions are to be made during any renewed term shall be that set by the Board of Trustees.
4. The Employer acknowledges the Trust Agreement creating the Automobile Mechanics' Local No. 701 Union and Industry Welfare Fund. Said Trust Agreement is incorporated herein as if fully set forth in this document. The Employer further ratifies and confirms the appointment of the Employer Trustees together with their successor Trustees designated in the manner provided in said Agreement and Declaration of Trust.
5. The Employer further acknowledges that the Plan of Benefits shall be interpreted and amended by the Board of Trustees from time to time and fully recognizes the authority of the Trustees to amend, interpret or adopt additional provisions of the Trust Agreement and Plan of Benefits acknowledging the Trustees' authority to so act in administering the Plan of Benefits for the Fund.
6. An Employer desiring to terminate this Agreement must notify the Funds sixty (60) days' prior to the termination date of the existing Collective Bargaining Agreement. If the Employer fails to give timely notice to the Trustees, the Employer shall be bound to the provisions of this Agreement for the period of the next Collective Bargaining Agreement and thereafter until proper notice is given but in no event less than three years unless terminated by the Trustees. The rate at which contributions are to be made during any renewed term shall be that set by the Board of Trustees.

In witness whereof, the Employer the Trustees have caused this Participation Agreement to be executed on their behalf by duly and authorized officers on the below date.

**Agreed:**

**Rendel's Collision Specialists**
*Print or type the Employer's complete name*

PATRICK J. Rendel
*Print name of Owner/Authorized Officer*

[signature]
*Signature of Owner/Authorized Officer*

Date: 2/27/06

[signature]
Donald H. Alcott, Fund Manager
*As Authorized by the Board of Trustees of the Automobile Mechanics' Local 701 Union and Industry Welfare Fund*

Note: A signed copy of the participation agreement will be provided to the Employer subsequent to review and approval.

WELFAREPA10/30/03

1